**SIGNED this 06 day of June, 2008.**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE**

**Marcia Phillips Parsons
UNITED STATES BANKRUPTCY JUDGE**

| | |
|---|---|
| In re<br><br>    LIBERTY FIBERS CORPORATION<br>    f/k/a Silva Acquisition Corporation,<br><br>                    Debtor. | No. 05-53874<br><br>Chapter 7 |
| CHEROKEE MILLWRIGHT, INC.<br><br>    Plaintiff,<br><br>vs.<br><br>LIBERTY FIBERS CORPORATION<br>f/k/a Silva Acquisition Corporation; and<br>LEWIS HOLLINGSWORTH, L.P.,<br><br>    Defendants. | Adv. Pro. No. 07-5043 |

**M E M O R A N D U M**

APPEARANCES:

    JOHN A. WALKER, JR., ESQ.                  TYLER C. HUSKEY, ESQ.
    WALKER & WALKER, P.C.                    GENTRY, TIPTON & MCLEMORE, P.C.
    Post Office Box 2774                              Post Office Box 1990
    Knoxville, Tennessee 37901                   Knoxville, Tennessee 37901-1990
    *Attorney for Cherokee Millwright, Inc.*      *Attorney for Maurice K. Guinn, Trustee*

        **Marcia Phillips Parsons, United States Bankruptcy Judge**. In this adversary proceeding, plaintiff Cherokee Millwright, Inc. ("Cherokee") seeks to enforce a materialman's lien against property of the estate. Presently before the court is the motion for summary judgment filed by the chapter 7 trustee for defendant Liberty Fibers Corporation, Maurice K. Guinn ("Trustee"), based on

the contention that the complaint was not filed in accordance with the time set by state law or by the bankruptcy tolling statute, 11 U.S.C. § 108(c). Cherokee has not responded to the motion, notwithstanding the passage of the twenty-day response time permitted under the local rules of court. The court agrees that summary judgment in the Trustee's favor is appropriate and, accordingly, will grant the Trustee's motion. This is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(A) and (K).

I.

On September 29, 2005,[1] Liberty Fibers Corporation (the "Debtor") filed for bankruptcy relief under chapter 11. The case was subsequently converted to chapter 7, and Mr. Guinn was appointed trustee. On March 7, 2007, Cherokee moved for relief from the automatic stay. After a response by the Trustee, the court entered an order on March 29, 2007, modifying the automatic stay of 11 U.S.C. § 362 to permit Cherokee to take action to perfect its lien.

On June 20, 2007, Cherokee commenced the instant adversary proceeding. Cherokee alleges in the complaint that it is a holder of a perfected materialman's and mechanic's lien, and that the adversary proceeding is brought to enforce the lien pursuant to Tennessee Code Annotated § 66-11-101, *et. seq.,* or in the alternative for a money judgment in the amount of $112,974.44, plus interest, attorney's fees and costs. Cherokee also alleges that the complaint constitutes the notice permitted by 11 U.S.C. § 546(b)(2) in lieu of the attachment required by Tennessee Code Annotated § 66-11-126, and that the complaint is timely filed by virtue of Chapter 684, Public Acts of Tennessee. Lastly, Cherokee alleges that the lien claims of defendants Lewis Hollingsworth, L.P. and LaSalle Business Credit, L.L.C.[2] are junior and subordinate to Cherokee's claim.

Cherokee attached to its complaint a copy of a notice of lien it filed against the Debtor on October 3, 2005. The notice recites that Cherokee claims a lien against certain real property of the

---

[1] Because the Debtor's bankruptcy petition was filed prior to October 17, 2005, the case is governed by the Bankruptcy Code without regard to the amendments made to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. All statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101 to 1330 (2004), unless otherwise specifically noted.

[2] By agreed order entered February 4, 2008, LaSalle Business Credit, LLC was dismissed as a defendant in this action.

Debtor as described therein to secure payment of building materials Cherokee furnished or installed on the Debtor's real property. The notice also states that Cherokee last performed work on behalf of the Debtor on September 26, 2005.

In his motion for summary judgment, the Trustee contends that the one-year period granted Cherokee under Tennessee Code Annotated § 66-11-106 to enforce its lien expired on September 25, 2006, one year after Cherokee last performed work on the Debtor's behalf. The Trustee notes, however, that under § 108 of the Bankruptcy Code, this one-year period is extended until 30 days after the termination of the automatic stay. Because the automatic stay was lifted by order entered March 29, 2007, the Trustee contends that Cherokee's complaint filed on June 20, 2007, is untimely and must be dismissed. As to Cherokee's reference in the complaint that it is timely pursuant to Chapter 684, Public Acts of Tennessee, the Trustee asserts that this is a reference to Tennessee Code Annotated § 66-21-110 (2006), a statute which purports to extend any statute of limitations for the enforcement or perfection of a lien until 90 days after the automatic stay of a bankruptcy case is lifted. Although the complaint filed by Cherokee 83 days after this court's March 29, 2007 order would fall within this extension, the Trustee argues that the statute is inapplicable herein because it was enacted on May 18, 2006, almost nine months after the Debtor's bankruptcy case was filed and Cherokee's rights accrued. Alternatively, the Trustee asserts that Tennessee Code Annotated § 66-21-110 (2006) is preempted by federal bankruptcy law.

Local Bankruptcy Rule 7007-1 provides that "[u]nless the court directs otherwise, the opposing party must file a response within 20 days after the date of filing of the motion. . . . A failure to respond timely will be construed to mean that the respondent does not oppose the relief requested by the motion." E.D. Tenn. LBR 7007-1. More than 20 days has passed since the Trustee's summary judgment motion was filed on January 10, 2008. Accordingly, the court construes Cherokee's failure to respond to mean that it does not oppose summary judgment in the Trustee's favor. In such a situation, the court nonetheless proceeds to determine that a movant has demonstrated entitlement to the relief requested as a matter of law.

II.

Rule 7056 of the Federal Rules of Bankruptcy Procedure mandates the entry of summary

judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c) as incorporated by Fed. R. Bankr. P. 7056. The court is not to "'weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Browning v. Levy*, 283 F.3d 761, 769 (6th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505 (1986)). "A genuine issue for trial exists only when there is sufficient 'evidence on which the [court] could reasonably find for the plaintiff.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252, 106 S. Ct. 2505).

The moving party bears the initial burden of showing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548 (1986). The burden then shifts to the nonmoving party to produce evidence that would support a finding in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 250-52, 106 S. Ct. 2505. In considering the motion, the court must construe all reasonable inferences in favor of the nonmoving party. *Spradlin v. Jarvis (In re Tri-City Turf Club, Inc.)*, 323 F.3d 439, 442 (6th Cir. 2003). The party opposing a motion for summary judgment "may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial. The party opposing the motion must 'do more than simply show that there is some metaphysical doubt as to the material facts.'" *Id.* at 442-43 (citations omitted). "If after reviewing the record as a whole a rational factfinder could not find for the nonmoving party, summary judgment is appropriate." *Braithwaite v. Timken Co.*, 258 F.3d 488, 493 (6th Cir. 2001) (quoting *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 349 (6th Cir. 1998).

III.

Section 108(c) of the Bankruptcy Code provides in relevant part:

> Except as provided in section 524 of this title, if applicable nonbankruptcy law . . . fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor . . . and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—

4

> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case;[3] or
>
> (2) 30 days after notice of the termination or expiration of the stay under section 362 . . . of this title . . . with respect to such claim.

11 U.S.C. 108(c). The nonbankruptcy law that is applicable to the enforcement of Cherokee's lien is Tennessee Code Annotated § 66-11-106,[4] which specifies that an action to enforce a lien must be brought within one year after the date improvement is complete or abandoned. *See Durkan Patterned Carpet, Inc. v. Premier Hotel Dev. Group (In re Premier Hotel Dev. Group)*, 270 B.R. 234, 237 (Bankr. E.D. Tenn. 2001). The one-year period began on the last day Cherokee performed work for the Debtor, September 26, 2005, and ended on September 26, 2006. Cherokee did not seek to enforce its lien during this one-year period by filing a motion for stay relief. Notwithstanding this failure, due to the Debtor's bankruptcy filing, the one-year period provided by Tennessee Code Annotated § 66-11-106 is extended by § 108(c)(2) of the Bankruptcy Code until 30 days after Cherokee obtained relief from the automatic stay, or 30 days after March 29, 2007. As pointed out by the Trustee, Cherokee also failed to meet this date as it did not file the complaint commencing this adversary proceeding until June 20, 2007, 83 days after the court granted stay relief. Therefore, Cherokee's complaint was untimely and its lien may no longer be enforced. *Id*.

As noted by the Trustee, Cherokee states in its complaint that its filing is nonetheless timely. Tennessee Code Annotated § 66-21-110 (2006) provides in relevant part:

> Notwithstanding any other provision of law to the contrary, if due to the filing of a bankruptcy petition under title 11 of the United States Code, compiled in 11 U.S.C., a creditor is stayed from filing the necessary documents to create or enforce a lien

---

[3] Section 108(c)(1) of the Bankruptcy Code applies only to nonbankruptcy statutes that expressly suspend limitations periods during a bankruptcy case. Tennessee Code Annotated § 66-11-106 does not expressly suspend the statute of limitations during a bankruptcy case; therefore, § 108(c)(1) is inapplicable.

[4] "A prime contractor's lien shall continue for one (1) year after the date the improvement is complete or is abandoned, and until the final decision of any suit properly brought within that time for its enforcement." Tenn. Code Ann. § 66-11-106. The Tennessee Contractors' Liens provisions were amended in 2007. All statutory references to Tennessee Code Annotated §§ 66-11-101, *et. seq.* are to §§ 66-11-101, *et. seq.* (1990), unless otherwise specifically noted.

5

>or security interest against the debtor's property, then any statute of limitations created or established by law for the perfection or enforcement of a lien or security interest shall be tolled until ninety (90) days after any of the following actions occur with respect to the filing of the bankruptcy petition:
>
>>(1) the stay is lifted as to the creditor;
>>
>>(2) the case is discharge; or
>>
>>(3) the case is dismissed.

Tenn. Code Ann. § 66-21-110 (2006). This statute was enacted on May 18, 2006, after the Debtor filed its bankruptcy petition on September 26, 2005. "The general rule is that the rights of the parties in the debtor's property are determined as of the time of bankruptcy." *Williams v. Weems (In re Ken Gardner Ford Sales, Inc.)*, 41 B.R. 105, 111 (Bankr. E.D. Tenn. 1984). Changes in state law are generally inapplicable if enacted after a bankruptcy case is filed. *See Hertzberg v. Assocs. Disc. Corp.*, 272 F.2d 6 (6th Cir. 1959). "The Tennessee Constitution states, 'That no retrospective law, or law impairing the obligations of contracts, shall be made.' Statutes are presumed to operate prospectively unless the legislature clearly indicates otherwise." *Nutt v. Champion Intern. Corp.*, 980 S.W.2d 365, 368 (Tenn. 1998) (citations omitted). The Tennessee legislature made no provision for retroactive application of Tennessee Code Annotated § 66-21-110 (2006). Therefore, even under state law, Tennessee Code Annotated § 66-21-110 (2006) would not apply to the proceedings under the Debtor's bankruptcy case. The court having reached this conclusion, it is unnecessary to address the Trustee's preemption argument.

## IV.

The court will enter an order in accordance with the foregoing, granting the Trustee's summary judgment motion.

# # #